Dominic Lovotti
dominic@taylorlawoffices.com
Idaho Bar No. 10020
Andrew Jenkins
andrew@taylorlawoffices.com
Idaho Bar No. 10915
**TAYLOR LAW OFFICES, PLLC**
1112 W Main St #101
Boise, ID 83702
Telephone: (208) 342-3006
Facsimile: (208) 343-6608

*Attorneys for Plaintiffs*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ELITE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK JAY HUGH SANFORD and KRISTA TIMMERMAN SANFORD, <br><br> Defendants. | Case No.: 25-00941-BRW (Chapter 7) <br><br> **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A) AND TO DENY DISCHARGE UNDER 11 U.S.C. § 727(a)** <br><br> Adv. Proc. No. _____ |

Plaintiff Elite Systems, Inc. ("Plaintiff"), for its complaint against Defendants Patrick Jay Hugh Sanford and Krista Timmerman Sanford (collectively, "Debtors"), alleges as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

3. Venue is proper under 28 U.S.C. § 1409.

4. Plaintiff files this complaint within the time prescribed by Fed. R. Bankr. P. 4004(a) and 4007(c).

//

## II. PARTIES

5. Plaintiff is an Idaho corporation engaged in HVAC sales, labor, and installation services.

6. Debtors are individuals who filed the above-captioned Chapter 7 case.

## III. FACTUAL ALLEGATIONS

### A. The HVAC Transaction, Partial Payment, and Outstanding Balance

7. Debtors engaged Plaintiff to provide HVAC labor, materials, and installation services for Debtors' real property located at 78 Bethel Rd, Horseshoe Bend, Idaho (the "Property").

8. Plaintiff provided Debtors an estimate presented as an invoice, Invoice No. 5690024, dated March 1, 2024 (the "Invoice"), reflecting the agreed scope and pricing.

9. The Invoice provides that the amount due is "Due upon rough in passing inspection."

10. The total amount billed is $37,564.44.

11. Debtors paid $2,500.00, leaving a principal balance of $35,064.44 due and owing.

12. Plaintiff notified Debtors that the rough-in passed inspection, and payment became due under the Invoice terms.

13. Despite notice and demand, Debtors failed to pay the outstanding balance.

### B. Fraudulent Inducement of Services

14. Debtors requested and accepted Plaintiff's services and materials under payment terms requiring payment upon the rough-in passing inspection.

15. On information and belief, at the time Debtors induced Plaintiff to perform and provide materials, Debtors did not intend to pay Plaintiff as agreed and instead intended to obtain

Plaintiff's labor and materials without paying the full contract price.

16. Debtors' conduct constitutes false pretenses, false representations, and or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

17. Plaintiff relied on Debtors' representations of intent to pay and suffered damages at least in the amount of the unpaid principal balance, plus interest and costs as allowed by law.

### C. Property and Asset-Disclosure Misconduct (Discharge Denial Grounds)

18. Upon information and belief, Debtors own the Property and it includes a standalone additional dwelling unit and or improvement commonly described as an in-law quarters (the "ADU Improvement").

19. Upon information and belief, Debtors' schedules, statements, and or testimony in connection with the bankruptcy case contain material omissions and or misstatements regarding assets, including the Property, the ADU Improvement, value, and related income or use.

20. Upon information and belief, Debtors have concealed property and or provided false testimony or false sworn disclosures with intent to hinder, delay, or defraud creditors and or the trustee.

## IV.    CLAIMS FOR RELIEF

### COUNT I
### Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

21. Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

22. Debtors obtained Plaintiff's services and materials by false pretenses, false representation, and or actual fraud, including by inducing performance while lacking a present intent to pay under the agreed payment terms.

23. Plaintiff justifiably relied on Debtors' representations of intent to pay and

performed work and provided materials in reliance thereon.

24. Plaintiff was damaged in the principal amount of $35,064.44, plus prejudgment interest at 12% per annum pursuant to Idaho Code § 28-22-104, and post-judgment interest as allowed by law.

25. The debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## COUNT II
### Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A) (False Oath or Account)

26. Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

27. Upon information and belief, Debtors knowingly and fraudulently made false oaths or accounts in or in connection with the case by omitting and or materially misstating assets and financial information in schedules, statements, and or sworn testimony, including regarding the Property and related improvements and value.

28. Debtors' discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

## COUNT III
### Denial of Discharge Under 11 U.S.C. § 727(a)(2) (Concealment With Intent to Hinder, Delay, or Defraud)

29. Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

30. Upon information and belief, Debtors concealed property of the debtor and or property of the estate, including real property interests and value attributes, with intent to hinder, delay, or defraud creditors and or the trustee.

31. Debtors' discharge should be denied under 11 U.S.C. § 727(a)(2).

//

//

## V. PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

1. Determining that Debtors' obligation to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) in the principal amount of $35,064.44, plus prejudgment and post-judgment interest at 12% per annum pursuant to Idaho Code § 28-22-104;

2. Denying Debtors a discharge under 11 U.S.C. § 727(a)(4)(A) and 11 U.S.C. § 727(a)(2);

3. Awarding Plaintiff its costs as allowed by law; and

4. Granting such other and further relief as the Court deems just and proper.

DATED this 17th day of February, 2026.

                TAYLOR LAW OFFICES PLLC

                */s/ Dominic Lovotti*
                Dominic Lovotti
                *Attorneys for Plaintiffs*